cross section of the available jurors. The challenge was sustained and the proceeding was adjourned until November 13, 1962, at Cayuga County. The District Attorney has now moved to change the place of trial from Supreme Court, Cayuga County, to the Supreme Court in some other county "on the ground that a fair and impartial trial cannot be had in the Supreme Court in Cayuga County, where said indictment is now pending." This motion should be granted. Although it does not appear strictly that a fair trial cannot be had in Cayuga County at some future time, it appears that one cannot be had in the reasonably near future. If the proceeding should remain in Cayuga County until a jury could be impaneled in accordance with article 16 of the Judiciary Law, the trial might be long delayed. In our opinion, it is imperative that the matter be tried and concluded in the near future. Not only is the defendant entitled to be tried with reasonable expedition but, if we should fail to grant this motion, a motion might be made to dismiss for failure of prosecution. We consider the expression "fair trial" to mean a trial before a jury impaneled in accordance with said article 16 of the Judiciary Law. For these reasons, upon the adjourned date of November 13, Justice BRASSER should preside and adjourn the trial of the action so that the same may be commenced in Ontario County on the 14th of November, 1962, or as soon thereafter as may be, with Justice BRASSER presiding. This determination is consistent with the grounds urged by defendant upon his motion to move the case from Chautauqua County and with defendant's challenge to the panel.

■ (A) ROBERT B. CORCORAN, Appellant, v. JAMES BAMBUROSKI, Respondent. (B) JOHN P. MORRISON, Respondent-Appellant, and RUSSELL P. MORRISON, Respondent, v. PETER CHEGAS, Appellant-Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK P. HUNT & COMPANY, INC., FRANK P. HUNT and CLARABEL GILBERT, Appellants. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS JAMES McCARTHY, Appellant. (E) In the Matter of LESTER R. SWEET. (F) ADELE KIEC et al., Respondents, v. JOHN BARRY, Appellant. (And Two Other Actions.) (G) WILLIS L. SEARCY, as Administratrix of the Estate of JAMES E. SEARCY, Deceased, Plaintiff, v. JAMES H. ROARK, JR., et al., Defendants.— [In each action] Appeal dismissed, without costs, upon stipulation.

■ (A) THOMAS DORAN COMPANY INCORPORATED, Respondent, v. E. CHARLES LARRY, as Trustee for WETMORE & SUGDEN, INC., Bankrupt, Appellant. THOMAS DORAN COMPANY INCORPORATED, Respondent, v. E. CHARLES LARRY, as Trustee of WETMORE & SUGDEN, INC., Bankrupt, et al., Appellants. (B) JOSEPH NEMETH, an Infant, by MARY NEMETH, His Guardian ad Litem, et al., Appellants, v. ALFRED UNIVERSITY, Respondent. (C) ROBERT PLACE et al., Appellants, v. CHARLES HACK et al., Constituting the Town Board of the Town of Walworth, et al., Respondents. (D) MARY C. SIEGEL, Respondent, v. BOARD OF EDUCATION OF THE CITY OF BUFFALO, Appellant.— [In each action] Appeal dismissed for failure to comply with previous order.

■ (A) NELLIE C. CRAWFORD, Respondent, v. TOWN OF HAMBURG, Appellant. (B) In the Matter of DONNA L. DINSMORE, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent. (C) HAROLD J. FOSTER, Appellant, v. JAMES Q. GLEASON, Respondent. (D) JOHN H. KNOX Co., INC., Respondent, v. NIAGARA FALLS HOUSING AUTHORITY, Appellant. (E) RAPPL & HOENIG CO., INC., Respondent, v. CENTRAL SCHOOL DISTRICT No. 3 OF THE TOWN OF IRONDEQUOIT, et al., Defendants, and RYAN STONE CO., INC., Appellant. (F) SCHANTZ HOMES INC., Appellant, v. JOHN P. KELLY, SR., et al., Respondents. (G) In the Matter of HOWARD L. WOOD, Petitioner,